No. 495 June 3, 2026 303

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. A. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. L. G.,
*Appellant.*

Clackamas County Circuit Court
24JU05250; A189404

Susie L. Norby, Judge.

Submitted April 10, 2026.

Aron Perez-Selsky filed the brief for appellant.

Stacy M. Chaffin, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

_____

* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Father appeals from a judgment denying his motion to set aside a judgment terminating his parental rights. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.

On October 23, 2024, the Oregon Department of Human Services (ODHS) filed a petition to terminate father's parental rights to his child, A. ODHS alleged that termination was appropriate under ORS 419B.504 "on the grounds that the father is unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the father's home is improbable within a reasonable time due to conduct or conditions not likely to change." ODHS also alleged that father's parental rights "should be terminated under ORS 419B.506 on the grounds he has failed or neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the child for six months prior to the filing of the petition." And ODHS alleged that it was in A's "best interests to be freed for adoption."

At a status conference on May 14, 2025, the juvenile court ordered father to appear for another status conference on October 1, 2025. The order informed father that if he "fail[ed] to appear personally * * *, the court, without further notice and in the parent's absence, may terminate the parent's parental rights." Father failed to appear at the October 1, 2025, status conference, ODHS put on a *prima facie* case, and the trial court terminated father's parental rights.

On October 20, 2025, father's trial counsel filed a motion to set aside the judgment terminating father's parental rights based on excusable neglect. *See* ORS 419B.923(1) ("Reasons for modifying or setting aside an order or judgment include, but are not limited to[,] * * * [e]xcusable neglect."). With the motion to set aside, father's trial counsel filed a declaration stating that, after the October 1, 2025, hearing, he received a voicemail from father in which father stated that "he tried to appear for hearing on October 1 but

his phone was stolen and that is why he was not able to call to join the hearing."

The juvenile court scheduled an in-person hearing on father's motion to set aside for November 13, 2025. But on November 13, 2025, father failed to appear for the hearing. At the November 13, 2025, hearing, the juvenile court heard from father's trial counsel, noted that it would consider "all of the arguments and exhibits that were submitted," and explained that father "appearing remotely [on October 1] would not have sufficed and *** would *** not have been allowed even if [father] had not allegedly had his phone taken from him." The juvenile court further explained that it had not sent father "anything to join [the October 1, 2025, hearing] with" and that had father made a request for remote appearance prior to the October 1, 2025, hearing that request "would've been denied." The court also explained its view that, having "failed to appear even to ask for the setting aside of the prior order," father was not in a "strong position." Ultimately, the juvenile court denied father's motion to set aside the judgment terminating his parental rights.

Having reviewed the record, including the juvenile court file and the transcript of the hearing, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.